IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SAMSON TUG AND BARGE CO., INC., an Alaska Corporation, | ) ) ) |
| Plaintiff/Appellant | ) ) |
| vs. | ) ) |
| UNITED STATES OF AMERICA, | ) ) |
| acting by and through | ) ) |
| the UNITED STATES DEPARTMENT of the NAVY MILITARY SEALIFT COMMAND, and UNITED STATES DEPARTMENT OF THE ARMY MILITARY TRAFFIC MANAGEMENT COMMAND, | ) ) ) ) ) ) ) ) |
| Defendants/Appellees. | ) ) |

Case Number: A03-006 CV Admiralty   JWS

**PROTECTIVE ORDER**

This matter comes before the Court on motion of Plaintiff asking this Court to enter an Order directing the release by Defendant United States to Plaintiff of certain documents and data sought by Plaintiff in discovery and which are possibly protected by the Privacy Act, 5 U.S.C. 552a.  The Court finds that Plaintiff has established good cause, in accordance with Rule 26(c) of the Federal Rules of Civil Procedure, and Plaintiff's motion is hereby GRANTED as follows:

1. Defendant United States has identified certain shipping records responsive to Plaintiff's discovery requests that may be relevant to this litigation and that appear to contain information about individuals that may be covered by the Privacy Act, as codified at 5 U.S.C.§

552a (hereinafter the "records"). The records are currently being held at the former Military Traffic Management Command offices in Seattle, WA.

2. As defined in 5 U.S.C. § 552a(a)(4), Privacy Act information includes any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to, his or her name, or the identifying number, symbol, or other identifying particular assigned to the individual, such as a Social Security Number.

3. In response to Plaintiff's discovery request, Defendant has noted that federal agencies may only release to third parties Privacy Act information about individuals in accordance with the Act and its implementing regulations. See 5 C.F.R. § 293.311; 32 C.F.R. § 310.41.

4. The Privacy Act and implementing Federal regulations and instructions bar Defendant from disclosing Privacy Act information relevant to this litigation absent a Court Order pursuant to 5 U.S.C. § 552(b)(11). See also 32 C.F.R. § 310.41(1) (Department of Defense); and 32 C.F.R § 505.3(a)(11) (Department of the Army).

5. This Order ("Order") shall direct the defendant, the United States, to produce for inspection and copying, pursuant to the terms of this Order, the records as described in Paragraph 1 above. No other privilege or other grounds for objection to production that are or may be possessed by the Defendant are affected by this Order.

6. The Court notes that the shipment records in question relate to shipments to and from the military base at Adak, Alaska during the period 1995 – 1997, and that the affected military personnel are believed to have long since been transferred from the base or to have left Government service entirely. Given the difficulty of locating these individuals, the extreme number of entries involved, and inasmuch as the discovery phase of this proceeding is not open

to the public and will be subject to the terms of this Order, the Defendant shall not be required to provide notice to any third party of Privacy Act Information provided to Plaintiff pursuant to the terms of this Order.

7.  The records produced pursuant to this Order may be disclosed only to the Plaintiff, its counsel of record, persons in the employ of counsel of record and under counsel's direct supervision (including experts, consultants or other firms employed to assist counsel in this litigation), and to the Court. No further disclosures may be made by Plaintiff absent further order of this Court.

8.  Plaintiff shall keep in strict confidence all documents or information identified in accordance with this Order. No person given access to materials or information subject to this Order by Plaintiff shall make public disclosure of those materials or information without further order of the Court. Further, any use of these documents and information by Plaintiff shall be exclusively in connection with this litigation and for no other purpose.

9.  Any person given access to the records (or information contained therein) subject to this order shall be informed by Plaintiff's counsel that it is Privacy Act Information and subject to this Order. Plaintiff's counsel shall maintain a listing of all persons given access to the records covered by this Order and shall require all such persons to read this Order and to sign a written acknowledgement of their receipt and understanding of this Order.

10.  This Order shall be without prejudice to the right of either party to bring before the Court at any time the question of whether any particular document or information is subject to the Privacy Act so that its use should be restricted or to present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.

11. The procedures for use of Privacy Act Information at arguments, hearings, and trial will be the subject of a subsequent order of the Court, if necessary.

12. All copies of the records shall, at Defendant's election, be destroyed, or returned to Defendant's counsel within 60 days of the conclusion of this litigation, including any appeals. If the documents are destroyed, Plaintiffs' counsel shall so notify Defendant's counsel in writing.

Entered this 24th day of March, 2006 at Anchorage, Alaska.

/s/
John W. Sedwick
Chief United States District Court Judge
District of Alaska