PETER D. KEISLER
Assistant Attorney General
TIMOTHY M. BURGESS
United States Attorney
LANE TUCKER
Chief, Civil Division
Assistant United States Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Telephone: (907) 271-5071
Telefax: (907) 271-3224
R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office
Torts Branch, Civil Division
JEANNE M. FRANKEN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
7-5395 Federal Building
P.O. Box 36028
450 Golden Gate Avenue
San Francisco, California 94102-3463
Telephone: (415) 436-6644
Telefax: (415) 436-6632

Attorneys for Defendants/Appellees
United States of America

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SAMSON TUG AND BARGE CO., INC., an Alaska Corporation<br><br>Plaintiff/Appellant<br><br>v.<br><br>UNITED STATES OF AMERICA, acting by and through the UNITED STATES DEPARTMENT of the NAVY MILITARY SEALIFT COMMAND, and UNITED STATES DEPARTMENT OF THE ARMY MILITARY TRAFFIC MANAGEMENT COMMAND<br><br>Defendants/Appellees | Civil No. A03-006 CV<br><br>IN ADMIRALTY<br><br><br><br>STIPULATED PROTECTIVE ORDER |

1

The parties hereto, through the undersigned consents of their counsel of record, do hereby request that this Court enter a Protective Order in the form submitted, as follows:

1. This Protective Order shall govern the disclosure of information and/or documents produced by or to any of the parties in the course of discovery conducted by them in the above-captioned action.

2. Any party may designate as "Confidential Commercial Information - Subject to Protective Order" or, in the alternative, "Confidential - Subject to Protective Order" any information contained in answers to interrogatories, requests for admissions, oral depositions or other testimony, and/or documents produced, and/or any other discovery made in this litigation. A party designating material as "Confidential Commercial Information - Subject to Protective Order" or, in the alternative, "Confidential - Subject to Protective Order" shall make a <u>bona fide</u> effort to determine that the information and/or documents in fact is deserving of protection.

3. Any information and/or documents which have been produced and for which such protection is claimed, but which is subject to a dispute as to whether it has been properly designated as restricted, shall, until decision by the Court, be treated as "Confidential Commercial Information - Subject to Protective Order" or, in the alternative, "Confidential - Subject to Protective Order", subject to the terms of this Protective Order. The party wishing to dispute such designation, and/or to disclose the information and/or documents so designated, other than as set forth in this agreement, shall bring the issue to the attention of the Court for expedited resolution by the Court, subject to the Court's availability. This procedure covers any dispute regarding persons who may be given protected information and/or documents, as well as any dispute regarding the aforesaid designation of information

and/or documents.

4. The designation of information and/or documents covered by this Protective Order may be made by placing or affixing thereon, in a manner which will not affect the legibility thereof, the following: "Confidential Commercial Information - Subject to Protective Order" or, in the alternative, "Confidential - Subject to Protective Order". Only reasonably segregable information which is believed to be exempt from disclosure shall be marked restrictively.

5. Such confidential information shall be made available only to:

   a. Court personnel and Court reporters;

   b. Counsel, and counsel's staff members; and

   c. Clerical, accounting and other personnel, including, but not limited to, independent experts, directly employed or retained by counsel of record or their respective firm, agency or office, and consulting or designated experts who may be officers, agents or employees of the party, to the extent that such disclosure is in good faith deemed by such counsel to be necessary for the preparation of this case for trial or appeal.

All persons to whom such disclosure is made by counsel (other than Court personnel, Court reporters and or persons regularly employed in counsel's office) shall agree in writing to be bound by the terms of this Protective Order and shall execute an agreement in the form of the Restricted Use Agreement attached hereto as Exhibit "A". Each person shall agree that the information is confidential and subject to this Protective Order, is not to be disclosed by them to anyone not subject to this Protective Order, and is not to be used for any purpose other than preparation for and trial, and appeal if necessary, of this case.

6. Such confidential information and/or documents may be used in connection with a deposition or trial testimony of any person, whether or not the

deponent or witness is an officer, agent or employee of a party, subject to the following:

  a. Any witness at a deposition or trial, whether or not otherwise bound by this Protective Order, shall be informed of the Protective Order's contents prior to the submission to the witness of information and/or documents designated as confidential and subject to this Protective Order. Said witness will be expected to agree to be bound by this Protective Order. In the event of refusal of the witness or any other person at the deposition or trial to agree to be bound by this Protective Order, the party or parties seeking to use the information may secure from the Court such order and directions as are consistent with the mutual intention of the parties to limit the disclosure of confidential information and/or documents subject to this Protective Order for the purpose of trial and trial preparation, and appeal if necessary, in this action.

  b. To the extent that the transcript of any testimony and the exhibits thereto incorporate any confidential information and/or documents which are subject to this Protective Order, the portion of the transcript and any exhibits thereto incorporating any restricted information and/or documents shall be designated "Confidential Commercial Information - Subject to Protective Order" or "Confidential - Subject to Protective Order", and shall be subject to the terms of this Protective Order.

  7. Nothing contained in this Protective Order shall be construed to prejudice any party's right to use, in support of any motion or in open proceedings before the Court, any information and/or documents designated as "Confidential Commercial Information - Subject to Protective Order" or, in the alternative, "Confidential - Subject to Protective Order", provided that the party who intends to refer to the documents in an open proceeding before the Court gives reasonable

4

notice to all parties of such intent so that appropriate action may be taken.

8.  Within three months after conclusion of this case, all documents in a party's possession that contain protected information, and all copies thereof, shall either be (1) returned to counsel for the party or entity or witness who produced them; or (2) with the prior written agreement of the party which generated the protected information and/or documents, destroyed and certified as destroyed to counsel for the party or entity or witness who produced them. For purposes of this paragraph, the conclusion of the case may be by settlement, judgment, dismissal or decision, which has become unappealable.

9.  Within three months after the conclusion of any appeal, the parties shall make application to the District Court, pursuant to all applicable rules, with respect to disposition of any exhibits that contain information subject to this Protective Order.

10. Any allegations of abuse or violation of this Protective Order will be considered by the Court either for purposes of determining whether it should enter sanctions, under all applicable rules, or for purposes of determining whether or not the matter should be referred for appropriate possible disciplinary proceedings, or both.

11. Nothing in this Protective Order shall be construed so as to prevent the release of any information and/or documents which may relate to the violation of any federal, state, or local statute, ordinance, or regulation to the appropriate law enforcement or regulatory agency.

12. Nothing in this agreement will operate to alter the obligations of the United States pursuant to the Privacy Act, 5 U.S.C. §522a, the Freedom of Information Act, 5 U.S.C. §522, national security obligations, or any other federal statute, regulation or law.

13. Nothing in this agreement will operate to create any rights in any party,

entity or person, except as specified herein.

14. Nothing in this agreement will operate to limit the rights of any party, entity or person in any other action.

IT IS SO AGREED:

Dated: June 9, 2006.

PETER D. KEISLER
Assistant Attorney General
TIMOTHY M. BURGESS
United States Attorney
LANE TUCKER
Chief, Civil Division
Assistant United States Attorney
R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office
Torts Branch, Civil Division

*/s/ Jeanne M. Franken*

JEANNE M. FRANKEN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice

Attorneys for Defendants/Appellees
United States of America

Dated: June 15, 2006

Garvey Schubert Barer

*/s/ H.G. Bailey, Jr.*

RICHARD D. GLUCK
HAROLD G. BAILEY, JR.

Attorneys for Plaintiff/Appellant
Samson Tug and Barge Company, Inc.

EXHIBIT "A"

RESTRICTED USE AGREEMENT

The undersigned has read and understands the Protective Order (a copy of which is attached) governing the restricted use of the documents and other information obtained from the parties in the case of Samson Tug and Barge Co., Inc. v. United States, Civil No. A03-006 CV. I agree to be bound by the terms of the Protective Order. I agree to treat the information as confidential and will not disclose the information to anyone not subject to the Protective Order. I understand the information is to be used only in connection with preparation for and trial, and appeal, of this case.

(Name)

Dated this _____ day of June, 2006.