THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SAMSON TUG AND BARGE CO., INC., an Alaska Corporation<br><br>Plaintiff/ Appellant<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>acting by and through<br><br>the UNITED STATES DEPARTMENT of the NAVY MILITARY SEALIFT COMMAND, and UNITED STATES DEPARTMENT OF THE ARMY MILITARY TRAFFIC MANAGEMENT COMMAND<br><br>Defendants/Appellees. | )<br>)<br>)<br>) Case Number: A03-006 CV<br>) Admiralty JWS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## JOINT STATUS REPORT

In response to this Court's order, the parties hereby jointly submit a statement regarding the status of the case, and their positions on the appropriateness and scheduling of some form of ADR, as follows:

### Status of the Case

This case presents a complicated Government contract claim by plaintiff Samson Tug and Barge Co., Inc. (Samson) against the United States. Samson asserts the Government breached a maritime contract whereby Samson would provide transportation by barge between the continental United States and the Naval Air

1

Station/Facility at Adak, Alaska in the mid-1990s. The base closed in 1997. This suit was filed in January of 2003. Trial will be to the Court.

Allegations by plaintiff implicate many facets of the government's military transportation system, and consequently many different parts of not just the United States Navy, but also the Army, the Air Force, and various joint commands have some involvement in this case. Numerous witnesses have been identified, as have a large volume of documents. Military personnel and federal civilian employees who were involved or had knowledge of potentially relevant events at the time have in the ensuing ten year period been reassigned, retired or otherwise left Government service. Documents with some possible relationship to the case have been located at facilities around the country, including in the states of Alaska, Washington, California, Virginia and Illinois, as well as in Washington, D.C. In addition, some witnesses on each side have developed serious health problems making their participation in the litigation difficult or impossible, and some are now deceased; one of Samson's attorneys also developed medical problems. Also, several protective orders have had to be entered for the Government to be able to produce documents containing information arguably subject to privacy restrictions on their release, and to afford protection to business sensitive material. All of these circumstances have necessitated several extensions in the pretrial schedule in the past. At present discovery is set to close on December 15, 2006.

Despite the aforesaid, the parties have conducted extensive written discovery, including the review and production of a large amount of documents related to the base closure, the military transportation system, the transportation of cargo to and from Adak

by a variety of means, Samson's operation and business records, and the pertinent contracts, and this is ongoing. The parties have also taken a number of key depositions on each side. Going forward, it appears at this time that the United States will be taking additional depositions in Seattle, Washington during the first full week of September, and the Plaintiff will be taking depositions in San Francisco, and possibly other locations, either later in September or in October. Samson has also requested that the Government designate witnesses pursuant to F.R.C.P. 30(b)(6), on a broad range of subjects which, from the point of view of the United States, could require it to produce a very large number of people in order to present witnesses in possession of the particular information being sought on all of the subjects listed. The parties are attempting to focus discovery on the most knowledgeable witnesses to avoid duplicative, wasteful or burdensome discovery, and to avoid motion practice.

Significant progress has been made, especially in the past four months. However, the parties are now of the belief that they will, regrettably, require one additional extension in which to complete discovery reasonably, narrow the disputed matters and thus streamline presentation of the case at trial, if necessary, and allow their respective experts time to finalize their reports. The parties anticipate filing a joint motion to extend discovery until April of 2007 to permit them to conclude presently anticipated depositions during the fall of 2006, and thereafter accommodate the needs and schedules of their respective experts, especially with the difficulties presented over the holidays.

## **Prospects for Settlement**

The parties have discussed the possibility of convening a non-binding mediation to determine the prospects for settlement of this case, and have discussed several potential mediator candidates who are experienced in government contract law. The mediation would allow the parties and their experts to present their cases to a neutral who would provide an objective and candid assessment of their respective cases. The mediation would ideally take place after the parties have conducted such additional depositions and exchanges of documents as are necessary to present a full and accurate presentation to the mediator. Based on the litigation schedule outlined above, the parties feel the best time for mediation would likely be in early 2007. Once a mediation session occurs, the parties will be in a much better position to determine whether the case will have to proceed to trial, or whether further mediation could result in a full resolution of the case.

Finally, the parties are mindful that this case has been on file for over three years, and that the Court has accommodated their previous joint requests for additional time. The complexity of the underlying case has been exacerbated by the passage of time and the closure of the base where many of the issues arose. The parties have been cooperating in their efforts to overcome these problems, which are somewhat inherent to a case of this kind, and maintain the focus of the case on narrowing the disputed issues and simplifying the case for trial to the extent possible. Nevertheless, despite these efforts, they must again, respectfully, ask the Court to grant their joint request for one further extension in the pretrial deadlines.

Respectfully submitted,

Dated: 8/16/06

Jeanne M. Franken
Trail Attorney.
Torts Branch, Civil Division
U.S. Department of Justice
7-5393 Federal Building
P.O. Box 36028
San Francisco, CA 94102-3463
Counsel for the United States of America

Dated: 8/8/06

Richard D. Gluck
Harold G. Bailey, Jr.
Garvey Schubert Barer
1000 Potomac Street, NW, 5th Floor
Washington, DC 20007
Counsel for Samson Tug and Barge Co., Inc.

Dated: 8/8/06

William G. Royce
Law Office of William G. Royce
1227 West 9th Avenue
Suite 200
Anchorage, AK 99501
Counsel for Samson Tug & Barge. Co., Inc.