IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SAMSON TUG AND BARGE CO., INC., an Alaska Corporation ) ) ) Plaintiff/Appellant ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Defendant/Appellee. ) | Case Number:  A03-006 CV Admiralty JWS |

### PLAINTIFF'S REPORT IN RESPONSE TO COURT'S DECEMBER 18, 2007 ORDER

Counsel have attempted but have been unable to agree on a joint certification to the Court as called for in the Court's December 18, 2007 Order (Certification of Readiness for Trial). Consequently, Plaintiff's counsel hereby reports to the Court, as called for in the aforesaid Order, as follows:

(1)(a). Discovery is complete, subject to seasonable supplementation of prior responses where necessary. The parties may have to conduct de bene esse depositions depending on the availability of witnesses when the trial dates are selected.

(1)(b). Plaintiff is contemplating two motions in limine: first, to preclude the Government from offering the testimony of any witness purporting to be a decisionmaker who personally made the decision to ship litigation-related cargo by air to testify as to the basis for such decisions since Plaintiff claims the Government failed to identify and offer for deposition any such witnesses in response to a 30(b)(6) deposition notice; second, to preclude the Government from arguing what the court should infer with regard to air flights and the cargo shipped thereon during the contract period to the extent that facts relevant to such an argument would have been contained (or refuted) by records of the Government known to have existed at one time but which the Government has not produced.

The Government has informed Plaintiff that it is contemplating motions in limine as follows: to exclude or limit the testimony of Plaintiff's expert based on Daubert; to exclude witnesses the Government claims were not properly disclosed; to exclude all testimony on behalf of Plaintiff based on Plaintiff's objection to and refusal to attend a 30(b)(6) deposition noticed by the Government.

(1)(c). As previously reported to the Court the parties had agreed to conduct a private mediation. To that end, Plaintiff has proposed several mediators, all of whom the Government rejected. Plaintiff still wishes to mediate this dispute, and has been attempting to identify other mediators who might be more acceptable to the Government. However, it now appears that the Government may be unwilling to mediate. If the Government refuses to do a private mediation, then Plaintiff may ask the Court to compel it to do so. In the event a private mediation occurs and does not produce a settlement, Plaintiff's counsel will so inform the Court and the parties will determine whether to ask the Court to arrange a settlement conference with another judge or magistrate one to two months in advance of trial or to certify that the case cannot be settled.

(2) Plaintiff's counsel suggests the following as alternate trial dates for this bench trial:

May 28, 2008-June 6, 2008

September 8, 2008-October 3, 2008

Government counsel has stated those days are available. Plaintiff's counsel anticipates that trial will take 5 days.

Respectfully submitted,

Dated: January 2, 2008

/s/ Richard D. Gluck
Richard D. Gluck
Harold G. Bailey, Jr.
Garvey Schubert Barer
1000 Potomac Street, NW, 5th Floor
Washington, DC 20007
Counsel for Samson Tug and Barge Co., Inc.

- 2 -

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2008, a copy of Plaintiff's Report In Response to Court's December 18, 2007 Order was served by electronically (on Ms. Franken only) and first class mail, postage prepaid to the following:

>Jeanne M. Franken, Esq.
>Trial Attorney
>Torts Branch, Civil Division
>U.S. Department of Justice
>7-5393 Federal Building
>P.O. Box 36028
>San Francisco, CA  94102-3463
>
>United States Attorney
>Federal Building and U.S. Courthouse
>222 West Seventh Avenue, #9, Room 253
>Anchorage, Alaska  99513-7567

>/s/ Richard D. Gluck
>Richard D. Gluck