JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
TIMOTHY M. BURGESS
United States Attorney
LANE TUCKER
Chief, Civil Division
Assistant United States Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Telephone: (907) 271-5071
Telefax: (907) 271-3224
R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office
Torts Branch, Civil Division
JEANNE M. FRANKEN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
7-5395 Federal Building
P.O. Box 36028
450 Golden Gate Avenue
San Francisco, California  94102-3463
Telephone: (415) 436-6644
Telefax: (415) 436-6632

Attorneys for Defendant/Appellee
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SAMSON TUG AND BARGE CO., INC., an Alaska Corporation | ) Civil No. A03-006 CV<br>)<br>) IN ADMIRALTY |
| Plaintiff/Appellant | ) |
| v. | ) |
| UNITED STATES OF AMERICA, | ) STATEMENT BY<br>) <u>DEFENDANT, USA</u> |
| acting by and through | ) |
| the UNITED STATES DEPARTMENT of the NAVY MILITARY SEALIFT COMMAND, and UNITED STATES DEPARTMENT OF THE ARMY MILITARY TRAFFIC MANAGEMENT COMMAND | ) |

1 | Defendants/Appellees )
)

Pursuant to this court's order, defendant, United States of America, does hereby submit a statement on its own behalf regarding trial setting and related matters. Late today counsel for the United States first learned plaintiff would be submitting a statement on its own behalf and abandoning efforts to file a joint certification as to the readiness of the case for trial, despite Government counsel's ongoing efforts over the last two weeks to stay in contact with plaintiff's attorneys and reach agreement on a simple statement addressing those items upon which a report was requested by the Court, sans posturing by either party.

The statement of the United States follows:

1(a). The United States believed that discovery was complete (except for the possible need by both parties to conduct preservation depositions, depending on the trial date chosen), and that the case was ready to be set for trial until plaintiff insisted on inserting in the proposed joint statement that prior written discovery might need supplementing, and that it might bring a motion to exclude some Government witness(es) who were allegedly requested but never produced.. From these statements it would appear that plaintiff does not actually believe discovery has been concluded.

1(b). Apparently neither party anticipates making dispositive motions at this time, but both expect that motions in limine are likely following pretrial disclosures in order to exclude and/or limit certain testimony and/or exhibits, and/or to limit certain issues, as then deemed appropriate.

1(c). The United States has been willing to participate in a non-binding mediation for several years, but the parties have not reached accord on an appropriate mediator, nor on the location or other circumstances for the session. Mediators suggested by the United States have been rejected, as have ones proposed by plaintiff. No new names have been circulated by plaintiff for many months, although repeatedly requested by Government counsel in her conversations with the various attorneys representing plaintiff. Recently, although Government counsel agreed to do the mediation

anywhere on the west coast of the United States, or in Alaska or even Hawaii, plaintiff insisted on conducting it in Washington, D.C.. The case is filed in Alaska, plaintiff has Alaska-based counsel and many of its witnesses reside in Alaska, Government counsel is based in San Francisco, California, both sides' experts and many witnesses are in other locations on the west coast, and most of the discovery has been conducted in Seattle, Washington. The only significant relation to the east coast is the fact that some of the attorneys plaintiff has chosen to have represent it are based there.

The United States remains willing to do a mediation under appropriate circumstances, before an acceptable neutral, and in a convenient location; and/or to be set for a settlement conference before another Judge or Magistrate of the District in this bench trial. Of course, the United States would prefer not doing either so during trial preparation..

2. The United States estimates that trial to the Court could take 6 to 8 Court days. It appears the parties are in agreement that trial could be scheduled anytime between September 8 and October 3, 2008, or from May 28 to June 6, 2008. Government counsel is concerned, however, that a May trial date is now too near on the horizon if both a mediation and possibly thereafter a settlement conference are to take place before pretrial preparations are underway; also, her own calendar conflicts are not insignificant at this point in both February and March; and the Government's expert has been scheduled to be out of the country for most of March, as plaintiff's counsel has been informed. In addition., Government counsel has pre-existing conflicts should a trial convened in late May in this case run past June 6th for any reason

Due to the evident differences between the statements submitted on behalf of the parties, the United States suggests a telephonic status conference with the Court might be beneficial at this point. ///

///

///

///

| | |
|---|---|
| Dated: 1/2/08 | Jeffrey S. Bucholtz |
| | Acting Assistant Attorney General |
| | TIMOTHY M. BURGESS |
| | United States Attorney |
| | LANE TUCKER |
| | Chief, Civil Division |
| | Assistant United States Attorney |
| | R. MICHAEL UNDERHILL |
| | Attorney in Charge, West Coast Office |
| | Torts Branch, Civil Division |

                                        /s/ Jeanne M. Franken
JEANNE M. FRANKEN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
Attorneys for Defendants/Appellees
United States of America

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 2, 2008, a oopy of the foregoing Statement of Defendant, United States of America, was served electronically on:

>Richard D. Gluck, Esq.
>Garvey Schubert Barer

>William G. Royce, Esq.
>Law Office of William G. Royce

>Attorneys for Plaintiff/Appellant
>Samson Tug and Barge Company, Inc.

/s/ Jeanne M. Fanken
_____
   Jeanne M. Franken