JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
NELSON P. COHEN
United States Attorney
GARY GUARINO
Chief, Civil Division
Assistant United States Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Telephone: (907) 271-5071
Telefax: (907) 271-3224
R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office
Torts Branch, Civil Division
JEANNE M. FRANKEN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
7-5395 Federal Building
P.O. Box 36028
450 Golden Gate Avenue
San Francisco, California  94102-3463
Telephone: (415) 436-6644
Telefax: (415) 436-6632
E-mail: jeanne.franken@usdoj.gov

Attorneys for Defendant
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SAMSON TUG AND BARGE CO., INC., an Alaska Corporation<br><br>    Plaintiff/Appellant<br><br>        v.<br><br>UNITED STATES OF AMERICA,<br><br>    acting by and through<br><br>the UNITED STATES DEPARTMENT of the NAVY MILITARY SEALIFT COMMAND, and UNITED STATES DEPARTMENT OF THE ARMY MILITARY TRAFFIC MANAGEMENT COMMAND<br><br>    Defendants/Appellees<br>_____ | Civil No. A03-006 CV<br><br>IN ADMIRALTY<br><br><br>NOTICE OF AND MOTIONS IN LIMINE, WITH SUPPORTING MEMORANDUM, BY DEFENDANT, UNITED STATES OF AMERICA, TO EXCLUDE AND/OR LIMIT CERTAIN TRIAL TESTIMONY BY PLAINTIFF |

Pursuant to this Court's order, defendant United States of America, hereby moves to

exclude and/or limit certain anticipated testimony by witnesses expected to be called by plaintiff Samson at the trial of this long pending case. Because the parties have not yet met to discuss nor have they prepared their submissions in advance of trial, which will commence on September 30, 2008, the United States must reserve its right to bring additional motions *in limine* until such time as plaintiff reveals its trial presentation intentions more specifically. Nevertheless, based on the record to date, the United States suggests that certain issues regarding the testimony of witnesses expected to testify on behalf of plaintiff appear at this time to require resolution in advance of trial.

This motion is based on the Memorandum which follows, the Exhibits attached hereto, the Declaration of Jeanne M. Franken submitted in support hereof, and the entire file of the Court. A proposed form of Order is also being submitted.

I. Witnesses who were not disclosed in a timely fashion by plaintiff Samson should be excluded.

This case has been pending for over five years. At issue is a Government contract for ocean transportation to and from Adak Island by plaintiff Samson's barge service in the years 1995-1997, a period more than ten years ago. Over the course of this lengthy litigation, the parties respectfully sought and were granted numerous extensions in the applicable pretrial schedule, including in the date for them to disclose the names of trial witnesses, to disclose experts, and to file their expert reports.

Plaintiff Samson failed to submit a trial witness list until the last of the deadlines on April 27, 2007, whereas the United States had filed at least seven such witness disclosures during the years when discovery was open. On November 26, 2007, about seven months after the last of the deadlines for submission of witness lists, counsel for plaintiff Samson filed and served another list in which it purported to name some additional trial witnesses. Government counsel then reminded plaintiff's counsel that this attempt to supplement its list was extremely tardy; inquired about what the substance of the new witnesses' testimony would be, without a response; and advised that her intent was to move to exclude those witnessses who had not been timely disclosed by plaintiff. (See the Franken Declaration.)

Samson took no action.

To allow witnesses to testify for plaintiff who were not properly and timely disclosed by it would run counter to the disclosure requirements of the Federal Rules of Civil Procedure, the Local Rules of Court and this Court's orders, and would be prejudicial to the Government. Witnesses not identified in a timely fashion should be excluded.

II. Testimony by witnesses on subjects for which plaintiff Samson failed to produce a witness in response to a properly noticed and convened deposition pursuant to Fed.R.Civ.Pro.30(b)(6) should be excluded.

On June 29, 2007, the United States served plaintiff Samson with a notice pursuant to Fed.R.Civ.Pro. 30(b)(6), requesting that one or more witnesses be produced a month later on July 27, 2007, to testify on its behalf on the factual bases for the following of Samson's contentions: that a diversion of what it calls "contract cargo" actually occurred; that the alleged diversion was to air carriage; that the Government had supposedly agreed to ship "all military and military sponsored cargo" with Samson; that Samson was entitled to attorneys' fees; the amount of Samson's fees and costs; and that the Government's denial of Samson's claim was baseless. (See the Franken Declaration and Exhibit "A" submitted in support hereof.) Plaintiff did not communicate a conflict with the date, and did not seek to postpone or reschedule the 30(b)(6) deposition; neither did it seek a protective order to stop the deposition, which Government counsel advised would otherwise proceed. Government counsel did convene the deposition on the date and at the time and place noticed, but no witness appeared to speak for plaintiff Samson on the subjects set forth in the notice. (See the Franken Declaration and Exhibit "B".) The United States, therefore, seeks to prevent testimony by plaintiff's witnesses at trial on the aforesaid subjects, as specified in the properly served notice.

III. Plaintiff's proposed damage expert George Johnson should not be permitted to testify beyond the scope of his alleged expertise, nor to render opinions contained in a report he produced after expiration of the last of the many deadlines set for submission of expert reports.

The final deadline for filing and exchanging expert reports expired on July 20, 2007. (See the Order of July 12, 2007, setting the deadline for the filing of expert reports, Docket No. 61.) The United States met that deadline and timely filed and produced its expert report. (See Docket No. 62.) Plaintiff Samson did not file the first report of its designated expert, George Johnson, but did serve it on the United States prior to the deadlines, and Samson subsequently revised its report, but again did not file it. Significantly after the deadline for submission of expert reports, in November of 2007, counsel for plaintiff Samson produced a further "supplemental" expert report in which it raised completely new issues and opinions concerning the carriage of air cargo. Samson has not filed any of its expert reports with the Court, contrary to the Court's orders.

Although the Government was permitted to depose Mr. Johnson a second time with regard to his untimely third report, it had no opportunity to obtain appropriate expertise to challenge the new opinions he stated therein, and consequently would be prejudiced were he permitted to testify on these additional matters in contravention of the Court's deadlines.

Moreover, the Government questions whether Mr. Johnson, a certified public accountant, has the required bona fides to arrive at the conclusions he advances in this very late provided, "supplemental" report. Specifically, the United States submits that his proposed testimony regarding the asserted carriage of cargo by air to and from Adak, and the interpretation of military documentation pertaining thereto, cannot pass muster under the "gatekeeping" requirements placed on the Court by Rule 702 of the Federal Rules of Evidence and attendant Supreme Court precedent, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), *upon remand*, 43 F.3d 1311, 1316 (9th Cir. 1995) (*Daubert II*), *cert. denied*, 516 U.S. 869, 116 S.Ct. 189. 133 L.Ed.2d 126 (1995). The United States suggests that those portions of his proposed trial testimony and the entirety of his last report, should be excluded on this basis under *Daubert* principles, in addition to being untimely and submitted in violation of the Court's orders.

Clearly, plaintiff Samson has the burden of establishing, by a preponderance of proof, both the **qualifications** of its expert witness and the **admissibility** of his proffered evidence.

*Daubert*, supra at 592, fn. 10, citing Fed.R.Evid. 104(a) and *Bourjaily v. United States*, 483 U.S. 171, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987).  The qualifications of purported experts are part and parcel of the *Daubert* inquiry:

> [A]n expert's qualifications bear upon the scientific validity of his testimony...'An expert's opinion is helpful only to the extent the expert draws on some special skill, knowledge, or experience to formulate that opinion; the opinion must be an expert opinion (that is, an opinion informed by the witness' expertise) rather than simply an opinion broached by a purported expert.'...

*United States v. Vitek Supply Corp.*, 144 F.3d 476, 486 (7th Cir. 1998) (citations omitted), *cert. denied*, 525 U.S. 1138, 119 S.Ct. 1026, 143 L.Ed.2d 37 (1999).

And just because a witness might qualify as an expert on some subjects, does not mean he can testify in other fields in which he is totally devoid of appropriate qualifications. *See*, e.g., *United States v. Chang*, 207 F.3d 1169 (9th Cir. 2000); *Wilson v. Woods*, 163 F.3d 935 (5th Cir. 1999); *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375 (5th Cir. 1996).  Federal Rule of Evidence 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In *Daubert*, supra, the Supreme Court emphasized that under Rule 702, the subject of an expert's testimony must be **scientific** knowledge.  *Id.* at 589-90(emphasis added).  The Court explained that this requirement is embodied in the Rule's very words; "scientific" implies a grounding in the methods and procedures of science, and "knowledge" connotes more than a subjective belief or an unsupported speculation. *Id.* at 590.  Therefore, in order to qualify as "scientific knowledge," an expert's inference or assertion must be derived by using the scientific method, and an expert's testimony is not admissible unless "the reasoning or methodology underlying the testimony is scientifically valid".  *Id.* at 592-93. *Daubert* thus

clearly imposes an obligation on a trial judge to ensure that scientific testimony is reliable, as well as relevant. *Id.* at 589. In *Kumho Tire Co.* v. *Carmichael*, 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999), the Supreme Court resolved post-*Daubert* conflicts in the lower courts and held that the gatekeeper function applied to **all** expert testimony.

The question that needs to be answered here is whether plaintiff's accountant Mr. Johnson analyzed the subject of the carriage of cargo by air to and from Adak Island with the same intellectual rigor and precision one would expect from an actual expert in that field, using an established, generally accepted and tested methodology. The clear answer is no.

A cursory review of Mr. Johnson's resume reveals he could not have done so since he lacks the minimum qualifications, whether by education, experience, service or employment, to perform such an assessment, a fact he apparently admits. (See the Franken Declaration and Exhibits "C" and "D", wherein at marked page 48 he responds "No" when asked if he is an expert on the carriage of cargo by air.) He did not follow any methodology at all, let alone a verifiable and scientifically accepted one, for arriving at his conclusions regarding the air cargo. (See the Franken Declaration and Exhibit "D".) Consequently, the Government contends all testimony on the carriage of air cargo by Mr. Johnson must be excluded, and plaintiff should be precluded from introducing his tardy and defective "supplemental" report in its entirety. (The Government must reserve its right to raise *Daubert* and other issues with regard to his remaining testimony on damages at the time it briefs the case for trial.)

///
///
///
///
///
///

## CONCLUSION

For the foregoing reasons, the motions *in limine* of defendant United States of America should be granted, and plaintiff's trial presentation limited accordingly.

Respectfully submitted,

Dated: March 31, 2008

        JEFFREY S. BUCHOLTZ
        Acting Assistant Attorney General
        NELSON P. COHEN
        United States Attorney
        GARY GUARINO
        Chief, Civil Division
        Assistant United States Attorney
        R. MICHAEL UNDERHILL
        Attorney in Charge, West Coast Office
        Torts Branch, Civil Division

        s/Jeanne M. Franken
        _____
        JEANNE M. FRANKEN
        Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice

        Attorneys for Defendant
        United States of America

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 31, 2008, a copy of the foregoing UNITED STATES OF AMERICA'S NOTICE OF AND MOTIONS IN LIMINE, WITH MEMORANDUM, was served electronically on:

> Richard D. Gluck, Esq.
> Garvey Schubert Barer

> William G. Royce, Esq.
> Law Office of William G. Royce

> Attorneys for Plaintiff/Appellant
> Samson Tug and Barge Company, Inc.

s/Jeanne M. Franken
_____
JEANNE M. FRANKEN