JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
NELSON P. COHEN
United States Attorney
GARY GUARINO
Chief, Civil Division
Assistant United States Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Telephone: (907) 271-5071
Telefax: (907) 271-3224
R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office
Torts Branch, Civil Division
JEANNE M. FRANKEN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
7-5395 Federal Building
P.O. Box 36028
450 Golden Gate Avenue
San Francisco, California 94102-3463
Telephone: (415) 436-6644
Telefax: (415) 436-6632
E-mail: jeanne.franken@usdoj.gov

Attorneys for Defendant
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SAMSON TUG AND BARGE CO., INC., an Alaska Corporation<br><br>    Plaintiff/Appellant<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    acting by and through<br><br>the UNITED STATES DEPARTMENT of the NAVY MILITARY SEALIFT COMMAND, and UNITED STATES DEPARTMENT OF THE ARMY MILITARY TRAFFIC MANAGEMENT COMMAND<br><br>    Defendants/Appellees | Civil No. A03-006 CV<br><br>IN ADMIRALTY<br><br>REPLY OF DEFENDANT, UNITED STATES OF AMERICA, TO PLAINTIFF'S OPPOSITION TO THE GOVERNMENT'S MOTIONS IN LIMINE |

I. Witnesses not disclosed in a timely fashion by plaintiff Samson should be excluded.

During the five years in which this case has been pending, the Court set many deadlines for the submission of potential trial witness lists, which dates were extended at the joint request of the parties many times, sometimes even after the dates had expired. Plaintiff Samson did not file a trial witness list until the last of these deadlines, April 27, 2007. On the other hand, the United States filed at least seven witness lists over the years that discovery was open in this case. On November 26, 2007, seven months after the last of the deadlines for witness lists and also after the closure of discovery, counsel for Samson filed and served another list in which it purported to name two additional trial witnesses, without indicating the substance of their proposed, supposedly newly discovered, testimony or explaining why they were being disclosed in such a tardy manner. Even now, in response to the Government's motion to exclude the witnesses, Samson gives no explanation for the untimeliness of its "disclosure".

Instead, Samson says that neither party deposed persons who were actually disclosed in discovery, so it does not matter that it named two more possible witnesses seven months late. Actually, the United States did depose four percipient witnesses in 2006 whom Samson had disclosed in its initial disclosures in 2003. Samson never supplemented that list over the intervening years, other than in the list it finally filed with the Court in April of 2007. Many of the persons named by Samson on that April 2007 filing were Government employees whom the United States could question without convening a deposition.

However, the two individuals named by Samson in November of 2007 were and are not known to counsel for the United States. To allow witnesses to testify at trial for plaintiff who were not properly and timely disclosed by plaintiff during this long pending matter would violate the disclosure requirements of the Federal Rules of Civil Procedure, the Local Rules of Court and this Court's orders, and would be prejudicial to the Government. Such witnesses should be excluded.

## II. Testimony by witnesses on subjects for which plaintiff Samson failed to produce a witness in response to a properly noticed and convened deposition pursuant to Fed.R.Civ.Pro.30(b)(6) should be excluded.

On June 29, 2007, the United States served Samson with a Fed.R.Civ.Pro. 30(b)(6) Notice on a limited and focused set of potentially relevant issues which the Government had hoped to narrow for trial. A year earlier, in the summer and fall of 2006, the United States had deposed Michael Halko and John Mead, former employees of Samson, George Baggen, the company's owner, and his daughter, Cory Baggen, all in their individual capacities and not as designated witnesses under Fed.R.Civ.Pro. 30(b)(6). (Copies of the pertinent individual Notices are attached as "A" and "B" hereto; the later 30(b)(6) Notice was attached as Exhibit "A" to the Motion in Limine by the United States.)

The timing of the designated witness depositions late in the case was purposeful on the part of the United State in order to try to define the genuine issues remaining for trial. Such depositions were felt to be most meaningful after documents have been produced and known individual percipient witnesses deposed. Samson's response to the Government's 30(b)(6) Notice, however, was to flatly refuse to produce any witnesses on any of the subjects covered, and insist the Government should rely on the testimony of witnesses it had deposed a year before and solely in their individual capacities. Why? Because Samson wanted it so. Samson sought no protective order and made no effort to reschedule the depositions, but rather allowed Government counsel to convene the depositions and just did not appear.[1] Samson's attorneys also refused to stipulate to be bound by the testimony given a year earlier by those four witnesses in their individual capacities, to the extent the subjects

---

[1] In contrast, the United States produced numerous witnesses in response to Samson's 30(b)(6)Notice, until such time as Samson declined to continue to take further depositions. Government witnesses were prepared to testify on the remaining subjects which had been noticed, but the United States was powerless to force Samson to proceed with them. Samson's intent to abandon the remaining subjects is clear from the fact that it has no record of having convened the depositions on any remaining subjects.

1  contained in the Government's later 30(b)(6) Notice even came up at that earlier time.

2  Samson's argument appears to be that since it had decided it would just be producing
3  the same witnesses in response to the Government's 30(b)(6) Notice that it had earlier
4  produced in response to the Government's individual Deposition Notices, the Government
5  should be precluded from asking it as a corporate plaintiff to designate one or more witnesses
6  to speak for it on the limited subjects covered by the Government's 30(b)(6) Notice. This
7  would permit a party such as Samson to improperly manipulate the course and timing of
8  another party's discovery. Here, percipient witnesses were deposed and documents obtained
9  in advance of framing those subjects on which the Government wanted the plaintiff to speak
10 through a chosen witness. To permit testimony now on those same subjects would be
11 prejudicial to the United States.

12 <u>III. Plaintiff's proposed damage expert George Johnson should not be permitted to testify beyond the scope of his alleged expertise, nor to render opinions contained in a report
13 he produced after expiration of the last of the many deadlines set for submission of expert reports.</u>

14
15 In November of 2007, significantly after the July 20, 2007 deadline for submission
16 of expert reports (see, Docket No. 61), Samson produced a "supplemental" report by its
17 expert George Johnson, an accountant, in which he raised completely new issues and
18 opinions concerning the carriage of air cargo. Johnson's supplemental report was not filed,
19 but then neither was his original report, in contravention of the Court's orders. The
20 Government would be prejudiced by his testimony in areas not properly disclosed in a timely
21 report. The United States has complied with the deadlines, and not similarly tried to produce
22 a further written report by its expert, or to call someone expert to address the new allegations
23 by plaintiff's expert.

24 Secondly, the Government asks this Court to fulfill its gate keeper obligations under
25 *Dauber v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.C. 2786, 125 LED.2d
26 469 (1993), *upon remand*, 43 F.3d 1311, 1316 (9th Cir. 1995) (*Dauber II*), *cert. denied*, 516

1  U.S. 869, 116 S.C. 189. 133 LED.2d 126 (1995), and preclude plaintiff's accountant Johnson
2  from testifying about the cargo capacity, configuration and destinations of various aircraft,
3  and the meaning of entries on Government documents pertaining thereto, all subjects about
4  which he has no knowledge, let alone "scientific" knowledge.  He is clearly devoid of the
5  type of educational background, experience, training and qualifications which would make
6  his opinion on such subjects of any appropriate assistance to this Court, under Fed. R. Evid.
7  702.
8        As for the timing of a decision by the Court regarding the scope and extent of Mr.
9  Johnson's testimony, and the admissibility of his "supplemental" report, the Government
10 would not presume to tell the Court when this should occur and defers completely to the
11 Court on this matter.  The Government agrees with plaintiff: this will be a bench trial.  The
12 Government's motions *in limine* regarding witness testimony were filed in an effort to
13 comply with the Court's orders regarding same.  The Government has no position on whether
14 the Court should decide *Dauber* issues now, at some time closer to trial, at the pretrial
15 conference, after the pretrial conference but before trial, at the beginning of trial or even
16 during the testimony of plaintiff's expert on the stand.  Indeed, in its moving papers, the
17 Government reserved its right to possibly raise additional *Dauber* issues later, including
18 about Mr. Johnson's methodology and theory of calculating Samson's purported damages,
19 at least until such time as it has met and conferred with plaintiff's counsel in advance of the
20 pretrial submissions and determined the exact evidence which will be offered.

## CONCLUSION

22       For the foregoing reasons, the motions *in limine* of defendant United States of
23 America should be granted, and plaintiff's trial presentation limited accordingly.
24 ///
25 ///
26 ///

Respectfully submitted,

Dated: April 24, 2008

          JEFFREY S. BUCHOLTZ
          Acting Assistant Attorney General
          NELSON P. COHEN
          United States Attorney
          GARY GUARINO
          Chief, Civil Division
          Assistant United States Attorney
          R. MICHAEL UNDERHILL
          Attorney in Charge, West Coast Office
          Torts Branch, Civil Division

          s/Jeanne M. Franken
          _____
          JEANNE M. FRANKEN
          Trial Attorney
          Torts Branch, Civil Division
          U.S. Department of Justice

          Attorneys for Defendant
          United States of America

## CERTIFICATE OF SERVICE

 I HEREBY CERTIFY that on April 24, 2008, a copy of the foregoing UNITED STATES OF AMERICA'S REPLY TO PLAINTIFF'S OPPOSITION TO THE GOVERNMENT'S MOTIONS IN LIMINE was served electronically on:

   Richard D. Gluck, Esq.
   Garvey Schubert Barer

   William G. Royce, Esq.
   Law Office of William G. Royce


   Attorneys for Plaintiff/Appellant
   Samson Tug and Barge Company, Inc.


     s/Jeanne M. Franken
   _____
     JEANNE M. FRANKEN