GREGORY G. KATSAS
Acting Assistant Attorney General
NELSON P. COHEN
United States Attorney
GARY GUARINO
Chief, Civil Division
Assistant United States Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Telephone: (907) 271-5071
Telefax: (907) 271-3224
R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office
Torts Branch, Civil Division
JEANNE M. FRANKEN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
7-5395 Federal Building
P.O. Box 36028
450 Golden Gate Avenue
San Francisco, California  94102-3463
Telephone: (415) 436-6644
Telefax: (415) 436-6632
E-mail: jeanne.franken@usdoj.gov

Attorneys for Defendant
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SAMSON TUG AND BARGE CO., INC., an Alaska Corporation | ) Civil No. A03-006 CV |
| | ) |
| Plaintiff/Appellant | ) IN ADMIRALTY |
| | ) |
| v. | ) SUR-REPLY OF DEFENDANT, UNITED STATES OF AMERICA, TO PLAINTIFF'S MOTION  IN LIMINE TO EXCLUDE GOVERNMENT WITNESSES AND/OR PRECLUDE OTHER PROOF AT TRIAL |
| UNITED STATES OF AMERICA, | ) |
| acting by and through | ) |
| the UNITED STATES DEPARTMENT of the NAVY MILITARY SEALIFT COMMAND, and UNITED STATES DEPARTMENT OF THE ARMY MILITARY TRAFFIC MANAGEMENT COMMAND | ) |
| | ) |
| Defendants/Appellees | ) |
| _____ | ) |

The Government's Sur-Reply addresses only the issue of the diversion of cargo to air. The United States relies on its previous opposition memorandum with regard to the remainder of plaintiff's motions.

Plaintiff Samson offers new material in its Reply to the Government's Opposition to Samson's Motion *in Limine*. This consists of a letter sent on its behalf during discovery (Ex.1), portions of the deposition testimony of two Government witnesses (Exs. 2 and 3), a few pages from a Command History (Ex. 4) and some printouts of flights which include cargo data (Ex. 5). It is improper for a moving party to belatedly offer items to support its underlying Motion for the first time with its Reply papers. *See,* Provenz v. Miller, 102 F.3d 1478 (9th Cir. 1996), *cert. denied,* 522 U.S. 808, 118 S.Ct. 48, 139 L.Ed.2d 14 (1997). The "new" exhibits were all available to Samson at the time it brought its Motion initially, and should have been offered at that time. They should be stricken on this basis alone. Moreover, like those few items attached to its Motion, none of the items attached to its Reply have been properly authenticated by way of sworn affidavit, declaration or deposition testimony. Also, the excerpts of the two depositions must be disregarded under Ninth Circuit precedent mandating that deposition testimony be submitted with a copy of the Court Reporter's certification. *See*, Orr v. Bank of America, 285 F.3d 764, 774 (9th Cir. 2002); Fed.R.Civ.P. 30(f)(1). In addition, foundational objections were interposed by Government counsel during Mr. Clarke's testimony on the subject of possible air cargo records, which is evident from those portions of his testimony attached by plaintiff. Those objections remain unresolved. Also, the excerpts offered from Volume II of Mr. Peterson's testimony appear irrelevant to the subject at hand.

It should be emphasized that the exact relief plaintiff Samson is seeking from its Motion *in Limine* with regard to the alleged diversion to air remains unclear. It variously asks the Court to preclude the United States (1) from relying on theories and positions which would have been supported or refuted by documents known to have existed at one time and in the sole possession of the Government; (2) from calling any witness to testify regarding choice of transportation modality; and/or (3) from presenting any defense on liability or

damages based on some allegedly spoliated documents.  To the extent Samson is actually seeking to thereby obtain a partial summary adjudication in this case, i.e. to establish that there was an alleged diversion of a supposedly significant amount of barge appropriate cargo moving between the continental United States and Adak to air transport, it has the burden of demonstrating the absence of **any** genuine relevant issue of material fact on that issue, pursuant to Fed. R. Civ. Pro. 56, <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323, 91 L.Ed.2d 265, 106 S.Ct 2548, 2553 (1986), and any inferences to be drawn from the evidence submitted with the moving party's motion must be viewed in the light most favorable to the party opposing it, here the defendant United States.  <u>United States v. Diebold, Inc.</u>, 369 U.S. 654, 655, 8 L.Ed.2d 176, 82 S.Ct. 993, 994 (1962).  In its opposition memorandum, the United States offered sworn testimony by a number of knowledgeable witnesses that personal property, vehicles, equipment, etc., were left behind on the island and that there was no airlift of material off the island.  For its part, Samson has not really offered any "evidence" in support of its position.

Unable to prove a diversion occurred directly because no documents or testimony supports that proposal, Samson instead argues that it is entitled to preclude proof by the Government based on a theory of spoliation.  Yet it also has not carried its burden of proof on spoliation.  It has not established that relevant documents actually existed at some time, let alone that they were in the possession of the United States, and that the particular Government agencies which might have been in possession of them were also on notice of pending related litigation, and further that their destruction occurred after such notice was obtained.  Even if its 1997 FOIA letters were authenticated, which they have not been, and they and their author had been properly disclosed and produced herein, which they were not, those letters would still not serve as any proof that the potentially correct Government custodian of any relevant air cargo documents had actual notice of potential litigation involving the documents at a time when they still existed and were still in the Government's possession, assuming they ever did or were.  The 1997 letters were merely FOIA requests for copies of documents, not sufficient to inform an agency of the Government of the need

1   to preserve specific material for use in litigation per se.  Indeed, no litigation need, actual or

2   even potential, is articulated in those letters.  Spoliation has not been found in cases where

3   the relation between the destroyed items to potential litigation was far more evident and

4   direct than is presented herein.  *See, e.g.,* Wyler v. Korean Airlines Co., 928 F.2d 1167 (D.C.

5   Cir. 1991).  Moreover, the Government has actually produced documents containing air

6   cargo information in response to later FOIA requests which were made on behalf of Samson,

7   and also during discovery after Samson brought this action in federal court.  (See, Ex. 5 to

8   Plaintiff's Reply.)  Therefore, Samson is not without evidence on the subject, both

    documentary and testimonial.

9        Could some other, possibly relevant, material once have existed somewhere within

10  the Government for some period of time?  It is possible, but that does not mean the material

11  was destroyed following notice to the relevant entities hat Samson might institute litigation

12  regarding its barge contract.  If such items ever existed and were actually in the possession

13  of some Government agencies, they were most likely lost or destroyed during closure of the

14  base at Adak many years ago, or destroyed in the regular course pursuant to routine

15  document preservation and destruction practices then in place within whatever agency or

16  agencies held them.  The purposes behind imposition of the spoliation doctrine would not be

17  served in such circumstances.

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27

1    Since there are clear issues of fact remaining between the parties on all diversion

2  allegations, summary adjudication is simply inappropriate, and Samson's motion, and

3  whatever relief is being sought therein, should accordingly be denied in its entirety..

4  Dated: 5/14/08

5                                    GREGORY G. KATSAS
                                     Acting Assistant Attorney General
6                                    NELSON P. COHEN
                                     United States Attorney
7                                    GARY GUARINO
                                     Chief, Civil Division
8                                    Assistant United States Attorney
                                     R. MICHAEL UNDERHILL
9                                    Attorney in Charge, West Coast Office
                                     Torts Branch, Civil Division

10                                   s/Jeanne M. Franken

11                                   _____
                                     JEANNE M. FRANKEN
12                                   Trial Attorney
                                     Torts Branch, Civil Division
13                                   U.S. Department of Justice

14                                   Attorneys for Defendant
                                     United States of America

15

16

17

18

19

20

21

22

23

24

25

26

27

28  UNITED STATES OF AMERICA'S
    SUR-REPLY                              5              CIVIL NO. A03-006 CV JWS

1    <u>CERTIFICATE OF SERVICE</u>

2    I HEREBY CERTIFY that on 5/14/08, a copy of the foregoing **SUR-REPLY OF**

3    **THE UNITED STATES OF AMERICA,** was served electronically on:

4

5    Richard D. Gluck, Esq.
     Garvey Schubert Barer
6

7    William G. Royce, Esq.
8    Law Office of William G. Royce

9    Attorneys for Plaintiff/Appellant
10   Samson Tug and Barge Company, Inc.

11

12

13   s/Jeanne M. Franken
     _____
14   JEANNE M. FRANKEN

15

16

17

18

19

20

21

22

23

24

25

26

27

28