GREGORY G. KATSAS
Acting Assistant Attorney General
NELSON P. COHEN
United States Attorney
GARY GUARINO
Chief, Civil Division
Assistant United States Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Telephone: (907) 271-5071
Telefax: (907) 271-3224
R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office
Torts Branch, Civil Division
JEANNE M. FRANKEN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
7-5395 Federal Building
P.O. Box 36028
450 Golden Gate Avenue
San Francisco, California  94102-3463
Telephone: (415) 436-6644
Telefax: (415) 436-6632

Attorneys for Defendants/Appellees
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SAMSON TUG AND BARGE CO., INC., an Alaska Corporation | ) Civil No. A03-006 CV |
| | ) |
| | ) IN ADMIRALTY |
| Plaintiff/Appellant | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) OBJECTIONS BY DEFENDANT |
| | ) UNITED STATES OF AMERICA TO |
| acting by and through | ) PLAINTIFF SAMSON'S EXHIBITS, |
| | ) DEPOSITION EXCERPTS AND |
| the UNITED STATES DEPARTMENT of the | ) EXPERT TESTIMONY |
| NAVY MILITARY SEALIFT COMMAND, | ) |
| and UNITED STATES DEPARTMENT OF | ) |
| THE ARMY MILITARY TRAFFIC | ) |
| MANAGEMENT COMMAND | ) |
| | ) |
| Defendants/Appellees | ) |
| _____ | ) |

1
2
3
4
5
6
7
8
9
10
11
12

Defendant United States does hereby lodge its objections to certain of the evidence proposed by plaintiff Samson Tug and Barge. Plaintiff did not file an Exhibit List but did send a draft of an Exhibit List to the Government with copies of its proposed Exhibits. (A copy of plaintiff's List of Exhibits is attached hereto for reference as "A".) Also, plaintiff's Witness List does not contain any references to the excerpts of the deposition testimony it states it intends to offer at trial, contrary to the Court's order. However, plaintiff did mark some excerpts as Exhibits 45-49, and the United States will endeavor to respond to those marked Exhibits, presuming the Court was also served with a set of plaintiff's intended Exhibits and can reference the page and line citations in that manner. (A copy of the excerpt lists are attached hereto for reference as "B".) Finally, the United States notes that it previously moved to exclude certain aspects of the testimony of plaintiff's expert on damages, George Johnson, and that motion is pending and its substance will not be repeated herein.

13

A.  Plaintiff's Exhibits

14
Ex.5   Not authenticated, Hearsay, Irrelevant.
15
Ex. 6  Not authenticated, Hearsay, Irrelevant.
16
Ex.7   Not authenticated, Hearsay, Irrelevant.
17
Ex.8   Not authenticated, Hearsay, Irrelevant.
18
Ex.12  Not authenticated, Hearsay, Not previously produced by plaintiff in its disclosures or
19
       in response to applicable discovery or even with its expert, assuming it is meant to be
20
       demonstrative
21
Ex.13  Not authenticated, Hearsay, Irrelevant
22
Ex.14  Not authenticated, Hearsay, Irrelevant.
23
Ex.15  Not authenticated, Hearsay, Irrelevant
24
Ex.16  Not authenticated, Hearsay, Irrelevant
25
Ex.17  Not authenticated, Hearsay, Irrelevant
26
Ex.18  Not authenticated, Hearsay, Irrelevant
27
Ex.19  Not authenticated, Hearsay, Irrelevant
28

Ex.20 Not authenticated, Hearsay, Irrelevant

Ex.21 Not authenticated, Hearsay, Irrelevant

Ex.24 Hearsay, Irrelevant

Ex.25 Hearsay, Irrelevant

Ex.27 Not authenticated, Hearsay, Irrelevant, and as stated in the Government's response to
Plaintiff's motion in limine to exclude certain witnesses, these FOIA letters were not
produced by plaintiff at any time while discovery was open in the case, nor was the
alleged drafter of the letters identified so she could be deposed

Ex.30 Not authenticated, Hearsay, Irrelevant

Ex.31 The document could not be identified during the parties' meeting to examine Exhibits.
The description in plaintiff's draft Exhibit List appears to be inaccurate.  The United
States reserves its rights to raise any objection applicable once plaintiff decides
whether this Exhibit remains and, if so, what it is.  For now, the United States objects
that it has not been identified or authenticated, and is hearsay and irrelevant.

Ex.32 Hearsay

Ex.33 Hearsay

Ex.34 Not authenticated, Hearsay, Irrelevant

Ex.35 Not authenticated, Hearsay, Irrelevant

Ex.36 Not authenticated, Hearsay, Irrelevant

Ex.37 Not authenticated, Hearsay, Irrelevant

Ex.38 Not authenticated, Hearsay, Irrelevant

Ex.39 Not authenticated, Hearsay, Irrelevant

Ex.40 Not authenticated, Hearsay

Ex.41 Not authenticated, Hearsay

Ex.42 Not authenticated, Hearsay

Ex.43 Not authenticated, Hearsay

Ex.44 Not authenticated, Hearsay

Exs. 45-49 are excerpts of the depositions of Messrs. Anderson, Peterson, Clark, Graggen

and Dawson which should not be admitted in lieu of live testimony to the extent the named witnesses are available to testify live at trial.  The Government notes that plaintiff has not marked any full deposition transcripts as Exhibits for use at trial.

Ex.50  The document could not be identified during the parties' meeting to examine Exhibits. The description in plaintiff's draft Exhibit List appears to be inaccurate.  The United States reserves its rights to raise any objection applicable once plaintiff decides whether this Exhibit remains and, if so, what it is.  For now, the United States objects that it has not been identified or authenticated, and appears to be hearsay and irrelevant.

Ex.51 Not authenticated, Hearsay, Not previously produced by plaintiff in its disclosures or in response to applicable discovery or with its expert

B.  Plaintiff's Deposition Excerpts

Defendant United States objects to and offers the following excerpts in response to those portions of the depositions of the following individuals which were marked by plaintiff for use in its case in chief.  The Government reserves its right to call each witness live at trial in the defense case, and/or to offer excerpts of each witnesses' testimony in its defense case, which excerpts were listed in the Government's Witness List, marked by it as Exhibits and listed in its Exhibit List.

1. Anderson

In addition to those portions of the testimony of Mr. Anderson listed by plaintiff, the Government suggests the following excerpts should be added: Vol 1, Page 17 - Line 7 to 25, Page 21 - Line 1 to 11, Page 24 - Line 23 to 25, Page 27 - Line 1 to 17, Page 55 - Line 18 to 24, Page 60 - Line 19 to 25, Page 65 - Line 10 to 25, Page 68 - Line 1 to 25, Page 110 - 24 to 25, Page 128 - Line 19 to 25; Vol. 2, Page 28 - Line 11 to Page 30 - Line 14, Page 31 - Line 12 to 18, Page 31 - Line 19 to 25, Page 32 - Line 1 to 19, Page 32 - Line 21 to 25, Page 42 - line 21 to Page 43 - Line  1, Page 44 - Line 1 to 10, Page 45 - Line 15 to 25, Page 46 - Line 24 to 25, Page 47 - Line 4 to 8, Page 67 - Line 18-24,  Page 73 - Line 8 to 11, Page 73 - Line 25, Page 74 - Line 1, Page 74 - Line 15 to 16, Page 74 - Line 22 to 25; and notes that

although lines on Pages 97, 98, 99, 105 and 106 were listed they were not actually included in the designation. The Government renews its objections which were made at the time, as follows: the questions on Pages 110-116 of Vol. 1 called for legal conclusions; the questions on Pages 28-30 of Vol. 2 call for speculation about what was in the mind of another person when he drafted a document, which was not authenticated, also lack of foundation; the questions on page 44 of vo. 2 call for a legal conclusion and speculation and lack of foundation; the question on Page 67 of Vol.2 mischaracterized prior testimony, called for speculation and a legal conclusion, lacked foundation and presented an incomplete hypothetical; and the questions on Pages 73-74 of Vol. 2 called for speculation about a document not drafted by the witness and lacked foundation.

2. Peterson

In addition to those portions of the testimony of Mr. Peterson listed by plaintiff, the Government suggests the following excerpts should be added: All lines on Pages 30-46, Page 61 - Line 1 to 21, Page 63 - Line 24 to 25, Page 68 Line 13 to 17, Page 70 - Line 11 to 17, Page 71 - Line 1 to 16, Page 72 - Line 1 to 16, Page 73 - Line 1 to 16.

3. Clark

In addition to those portions of the testimony of Mr. Clark listed by plaintiff, the Government suggests the following excerpts should be added: Page 66 - Line 25 to Page 67 - Line 11, Page 70 - Line 10 to Page 71 - Line 2, Page 76 - Line 21 to 25,  Page 77 - Line 6 to 25, Page 90 - Line 7 to 17,  Page 120 - Line 25 to Page 121 - Line 1, Page 131 - Line 1 to Page 132 - Line 10,  Page 136 - Line 6 to 10, Page 147 - Line 10 to 23, Page 148 - Line 7 to 19, Page 149 - Line 25 to Page 151 - Line 8, Page 159 - Line 5-14, Page 164 - Line 21 to Page 165 - Line 15, Page 167 - Line 2 to 18, Page 168 - Line 2 to 4, Page 168 - Line 15 to 17, Page 168 - Line 20. The Government renews its objections which were made at the time, as follows: the question on Pages 118-119 is irrelevant; the questions on Pages 120-121 call for a legal conclusion and lack foundation; the question on Page 158 is irrelevant.

4. Graggen

In addition to those portions of the testimony of Mr. Graggen listed by plaintiff, the

Government suggests the following excerpts should be added: Page 24 - Line 9 to 18; Page 27 - Line 12 to 19; Page 34 - Line 17 to 21.  Page 39 is not part of the Exhibit, and no question precedes the answer on Page 40.

5. Dawson

In addition to those portions of the testimony of Mr. Dawson listed by plaintiff, the Government suggests the following excerpts should be added: Page 53 - Line 15 to Page 54 - Line 4.

C.  Plaintiff's Expert's Testimony

The United States previously moved in limine, among other things,  to exclude certain aspects of the testimony of plaintiff's expert, a cpa, George Johnson, based on his lack of any relevant background, training, education or experience regarding the carriage of Government cargo by air, air transit and airplanes in general, the Air Mobility Command and the military services involved in air transits of military personnel and military cargo worldwide, let alone the procedures, regulations and documents pertaining thereto.  Just because an expert might qualify as one on some subjects, does not mean he can then testify in other fields in which he is totally devoid of appropriate qualifications. *See*, e.g., *United States v. Chang*, 207 F.3d 1169 (9th Cir. 2000); *Wilson v. Woods*, 163 F.3d 935 (5th Cir. 1999); *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375 (5th Cir. 1996).  What little knowledge Mr. Johnson developed during this case on matters related to the carriage of cargo by air came from one abbreviated internet search.

The United States also challenges Mr. Johnson on the basis that the damage theory he is suggesting cannot pass muster under the "gatekeeping' requirements placed on the Court by Rule 702 of the Federal Rules of Evidence and attendant Supreme Court precedent, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), *upon remand*, 43 F.3d 1311, 1316 (9th Cir. 1995) (*Daubert II*), *cert. denied*, 516 U.S. 869, 116 S.Ct. 189. 133 L.Ed.2d 126 (1995), and that his testimony on damages must consequently be excluded in its entirety.  Federal Rule of Evidence 702 states:

1

2
If scientific, technical, or other specialized knowledge will assist
the trier of fact to understand the evidence or to determine a fact
3
in issue, a witness qualified as an expert by knowledge, skill,
experience, training, or education, may testify thereto in the
form of an opinion or otherwise, if (1) the testimony is based
4
upon sufficient facts or data, (2) the testimony is the product of
reliable principles and methods, and (3) the witness has applied
the principles and methods reliably to the facts of the case.

5

6
In *Daubert*, supra, the Supreme Court emphasized that under Rule 702, the subject of an

7
expert's testimony must be **scientific** knowledge.   *Id.*. at 589-90 (emphasis added).  The

8
Court explained that this requirement is embodied in the Rule's very words; "scientific"

9
implies a grounding in the methods and procedures of science, and  "knowledge" connotes

10
more than a subjective belief or an unsupported speculation. *Id.* at 590.  Therefore, in order

11
to qualify as "scientific knowledge," an expert's inference or assertion must be derived by

12
using the scientific method, and an expert's testimony is not admissible unless "the reasoning

13
or methodology underlying the testimony is scientifically valid". *Id.*. at 592-93.  *Daubert* thus

14
clearly imposes an obligation on a trial judge to ensure that expert testimony is reliable, as

15
well as relevant.  *Id.* at 589.  Mr. Johnson could not cite even one publication or treatise to

16
support his approach on damages at the time he was deposed.  (See Page 39 - Line 7 to Page

17
45- Line 25 of Vol. 2 of his testimony, marked as Defendant's Exhibit RRR.)

18
///

19
///

20
///

21
///

22
///

23
///

24
///

25
///

26
///

27
///

28

1        The United States will also challenge Mr. Johnson's opinions based on the fact that

2    his method appears to be based on a disfavored total cost, or modified total cost, approach.

3    Dated: July 18, 2008.           GREGORY G. KATSAS
                                    Acting Assistant Attorney General

4                                        NELSON P. COHEN
                                    United States Attorney

5                                        GARY GUARINO
                                    Chief, Civil Division

6                                        Assistant United States Attorney
                                    R. MICHAEL UNDERHILL

7                                        Attorney in Charge, West Coast Office
                                    Torts Branch, Civil Division

8

9                                        / s/Jeanne M. Franken_____
                                    JEANNE M. FRANKEN

10                                       Trial Attorney
                                    Torts Branch, Civil Division

11                                       U.S. Department of Justice

12                                       Attorneys for Defendant
                                    United States of America

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 18, 2008, a copy of the foregoing OBJECTIONS BY DEFENDANT UNITED STATES OF AMERICA TO PLAINTIFF SAMSON'S EXHIBITS AND DEPOSITION EXCERPTS, was served electronically on:

Richard D. Gluck, Esq. And Robert Boraks, Esq.
Garvey Schubert Barer

William G. Royce, Esq.
Law Office of William G. Royce

Attorneys for Plaintiff/Appellant
Samson Tug and Barge Company, Inc.

/s/Jeanne M. Franken
_____
JEANNE M. FRANKEN