GREGORY G. KATSAS
Acting Assistant Attorney General
NELSON P. COHEN
United States Attorney
GARY GUARINO
Chief, Civil Division
Assistant United States Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Telephone: (907) 271-5071
Telefax: (907) 271-3224
R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office
Torts Branch, Civil Division
JEANNE M. FRANKEN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
7-5395 Federal Building
P.O. Box 36028
450 Golden Gate Avenue
San Francisco, California  94102-3463
Telephone: (415) 436-6644
Telefax: (415) 436-6632

Attorneys for Defendants/Appellees
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SAMSON TUG AND BARGE CO., INC., an Alaska Corporation <br><br> Plaintiff/Appellant <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> acting by and through <br><br> the UNITED STATES DEPARTMENT of the NAVY MILITARY SEALIFT COMMAND, and UNITED STATES DEPARTMENT OF THE ARMY MILITARY TRAFFIC MANAGEMENT COMMAND <br><br> Defendants/Appellees | Civil No. A03-006 CV <br><br> IN ADMIRALTY <br><br><br><br><br> OFFER BY DEFENDANT UNITED STATES OF AMERICA IN RESPONSE TO PLAINTIFF SAMSON'S OBJECTIONS |

Defendant United States hereby submits its offer of proof regarding the few objections raised by plaintiff Samson to the Government's proposed exhibits and deposition excerpts.

I. Defendant's Exhibit I should not be excluded as a privileged attorney-client communication.

Plaintiff objects to the introduction of one page of Defendant's Exhibit I, which had been marked by Samson with its Bates number, STB 101869, and not listed as a privileged item on Samson's privilege list when the document was first produced early in the litigation. Samson now claims the page contains privileged attorney-client communications, was inadvertently produced and should be excluded. The page is offered as a party admission and an admission against interest, is directly relevant to issues in the case, and may be used for impeachment or rebuttal purposes as well.

The disputed document is a fax transmittal cover page from Mike Halko on May 1, 1995 to one of the company's attorneys, Richard Gluck. It contains a memorandum regarding both the bidding posture of the company and the financial difficulties it was experiencing in the Spring of 1995, at a time when it was attempting to obtain the contract at issue in this case. It does not appear to be seeking legal advice.

As stated, Samson marked and produced the document many years ago, and it was not identified as privileged on the initial Samson privilege list which was produced at the time the document was first produced, examined and copied. It appears the document was produced for the Government a second time after it was sent to plaintiff's expert with many other documents for his review and consideration.

The document was also presented to and authenticated by Mr. Halko at his deposition two years ago, and it was marked as Exhibit 56 at that time. (Mr. Halko's Deposition has been marked as Defendant's Exhibit JJJ, and the excerpts thereto as Exhibit KKK.)

It is not clear that the fax cover page was ever a legitimately privileged communication.. Although Mr. Gluck was and is an attorney for Samson, the purpose of the

communication from Samson in the fax cover page appears not to have been to seek legal advice from Mr. Gluck but rather to inform him about the prospects of obtaining a favorable business deal with the Government. In this sense, Mr. Gluck appears to have been acting at the time not as an attorney giving legal advice but rather as a business consultant.  See, e.g., United States v. Martin, 278 F.3d 988 (9th Cir. 2002) (the privilege is strictly construed, not all communications with a person who is an attorney are privileged, and the party asserting the privilege carries the burden to establish all elements of the privilege).

However, even assuming arguendo that the fax cover page was privileged at one time, which the Government disputes, Samson took no action to resolve the status of the document during this long pending matter, clearly indicating assertion of the privilege has been waived. Whether or not production of the page was inadvertent at one time, as Samson now claims, once the page was marked as an exhibit during the discovery deposition of Mr. Halko almost two years ago, and he was questioned about it in the presence of two Samson attorneys, and they took no action regarding it in the intervening years, a claim of inadvertence would now be irrelevant.

It should, moreover, be noted that Samson has used the attorney-client privilege as both a sword and a shield throughout this litigation, producing documents between Samson and Mr. Gluck from the period 1995-1997 when it suited it's purposes in the case, and withholding other contemporaneous documents exchanged between them on the basis of the claimed privilege, even with regard to items which were merely copied to its attorneys.  In general, such selective, and self serving, assertions of the privilege are disfavored.

II. Defendant's Exhibits EEEE and GGGG were previously identified and produced by the Government in response to discovery propounded by plaintiff Samson.

Plaintiff Samson objects to admission of Defendant's Exhibit EEEE, which is the MILSTAMP (the Military's Standard Transportation Procedures),[1] and Exhibit GGGG, a

---

[1]  It bears a date on its first page showing its relevance to the subject contract.

1  portion of the BRIM (the Base Reuse Manual), on the basis that neither Exhibit has a Bates
2  number on it, suggesting that means neither was produced by the Government during the
3  case. That is not correct. $^{2/}$ The Government identified both documents in its response to
4  Request No. 18 of Samson's second set of Requests for Production to the United States. (A
5  copy of the Government's response to Request No. 18 is Attachment 1 hereto.) Government
6  counsel produced copies of both items, labeled as responsive to that Request, as part of a
7  very large document production at her office in San Francisco. Plaintiff's counsel eventually
8  had an attorney from its Seattle office look at the production and he selected a very few items
9  as ones he wanted copied; only those were assigned Bates numbers and reproduced. The
10 MILSTAMP and the BRIM, which were and are both generally available outside the
11 Government, were not among the ones he selected. During a conversation with another of
12 plaintiff's attorneys, Government counsel was specifically told he did not want a copy of the
13 MILSTAMP. Subsequently, the Government also supplemented its disclosures, something
14 it did periodically throughout the case, to advise plaintiff that it was disclosing all the
15 documents it had produced in response to discovery requests, meaning they might be relied
16 upon as possible evidence at trial.

III. Excerpts of depositions of witnesses who are unavailable at the time of trial, pursuant to Fed.R.Civ. Pro. 32 and Fed.R. Evid. 804, are admissible in lieu of live testimony at trial.

Plaintiff suggests that deposition excerpts of some or all of the Government's witnesses may not be used in lieu of their live testimony even if they are available at the time of trial, because some or all of them are "managing agents". Plaintiff does not specify which of the witnesses it is referring to, nor what it was about the service or employment of each such witness which would imbue that person with such wide discretionary so as to transform him into a "managing agent", nor what would constitute a "managing agent" of the Government. Most significantly, plaintiff cites no legal authority for the proposition that the

---

$^{2/}$   It is also a curious point for Samson to press since almost none of its Exhibits have Bates numbers on them.

depositions of so called "managing agents" cannot be used in lieu of live testimony if they are shown to be unavailable.

Federal Rule of Civil Procedure 32(a) and Federal Rule of Evidence 804 govern the use of depositions of unavailable witnesses in Court proceedings. Fed.R.Civ.Pro. 32(a)(4)(B) provides that a party may use the deposition of a witness for any purpose if the witness is more than 100 miles from the place of trial or is outside the United States at the time of the proceeding. Fed.R.Evid. 804(b)(1) excludes such testimony from the hearsay rule. See, also, <u>Goldberg v. United States</u>, 789 F.2d 1341 (9th Cir. 1996).

Plaintiff does not appear to dispute that the witnesses whom the Government may have to call by deposition depending on the trial date are likely unavailable. Plaintiff knows they were all located beyond 100 miles of the trial Court when they were deposed, as stated at their respective depositions, with the exception of Messrs. Peterson and Gavitt who, when deposed, lived and worked in the Anchorage area.[3] CDR Duerden is on active service in the United States Navy and has been stationed in Japan since shortly after his deposition was taken about one year ago, and he testified at his deposition that he was enroute to Japan at that time and expected to be there for about three years. Retired Naval officers Clark and Gragen, whom the Government cannot compel to travel to Alaska for trial and were consequently deposed by Government counsel to preserve their testimony for trial, live and work, now for private companies, in other states, respectively California and Maine, although Mr. Clark also travels extensively to foreign countries for long periods in his present

---

[3]  Unavailability is to be determined at the time the testimony is to be given at trial. See, e.g., <u>Niver v. Travelers Indem. Co. Of Il.</u>, 430 F.Supp.2d 852, 866 (N.D. Iowa 2006). Should the Court require something more than appears in the deposition transcripts regarding the location of any witness whom the Government actually has to present at trial by deposition rather than live, Government counsel will be prepared to present detailed information regarding their location and/or affidavits regarding their whereabouts, as required by the Court.

position. Messrs. Anderson, Dawson, Seaton and Eastby were civilian employees of the federal Government, the first two lived and worked on the east coast of the United States and the latter two in the Seattle area.

The United States is hopeful that some, perhaps all, of the aforementioned witnesses, will actually be able to testify live at trial, again dependant upon when the trial takes place (the Court having advised that the present trail date in late September of 2008 may have to be moved), with the clear exception of Mr. Gragen who is not able to leave his disabled wife in Maine for any prolonged period.

Plaintiff has cited no legal support for the notion that the deposition of a so-called "managing agent" cannot be used at trial if that person is otherwise shown to be unavailable at the time of the trial, pursuant to the applicable Federal Rules of Civil Procedure and Evidence. Plaintiff has also made no showing that any of the witnesses who may have to testify by deposition for the Government who are still federal civilian employees or the one who is still in the military service, are so highly placed and possess such broad discretionary responsibilities that they might be transformed into "managing agents" of the United States. Indeed, the witnesses have widely disparate levels of responsibility in the jobs they now hold in their various employing agencies, and most are employed below the highest GS rankings. Finally, plaintiff has not offered any legal support for just what would constitute a "managing agent" of the United States.

The Government will endeavor to more fully respond to this objection if plaintiff provides some legal support for the proposition it advances that an unavailable managing agent may not testify by deposition, and some factual support for why specific Government witnesses would be considered "managing agents" of the sovereign.

## CONCLUSION

For the foregoing reasons it is respectfully submitted that plaintiff Samson's objections should be denied, and the Government's proposed evidence admitted.

Dated: July 25, 2008.

GREGORY G. KATSIS
Acting Assistant Attorney General
NELSON P. COHEN
United States Attorney
GARY GARRYANA
Chief, Civil Division
Assistant United States Attorney
R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office
Torts Branch, Civil Division


/ s/Jeanne M. Franken
JEANNE M. FRANKEN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice

Attorneys for Defendants
United States of America

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 25, 2008, a copy of the foregoing OFFER OF PROOF BY DEFENDANT UNITED STATES OF AMERICA, IN RESPONSE TO PLAINTIFF SAMSON'S OBJECTIONS, was served electronically on:

> Richard D. Gluck, Esq. And Robert Boraks, Esq.
> Garvey Schubert Barer

> William G. Royce, Esq.
> Law Office of William G. Royce

> Attorneys for Plaintiff/Appellant
> Samson Tug and Barge Company, Inc.


/s/Jeanne M. Franken
_____
JEANNE M. FRANKEN