<u>REQUEST FOR PRODUCTION NO. 18</u>:

At deposition, Douglas Anderson ("Anderson") testified that decisions to use air or ocean transportation are made in accordance with the MILSTAMP "and the individual service's policy guidance."  <u>See</u> Anderson's December 1, 2005 Deposition Transcript at 98. Produce all documents that:

(a)     Reflect the "policy guidance" of the U.S. Navy in effect from 1994 (the year before execution of the Plaintiff's contract with the Navy's Military Sealift Command) to 1998 (the year after termination of the contract); and

(b)     Relate to a decision by the U.S. Navy to use the air or ocean transportation, including but not limited to directives, instructions, and other guidance documents or correspondence.

<u>RESPONSE</u>:

Objection.  The Request is overly broad, burdensome and not designed to lead to the discovery of admissible evidence.  However, without waiving the objections, the response is that, in addition to the laws and regulations pertaining thereto, the following possibly responsive items have been located to date, and copies will be made available for inspection and reproduction at a mutually convenient time and place:

1. Military Standard Transportation and Movement Procedures (MILSTAMP), DOD 4500.32-R, March 15, 1987;

2. DOD Directive 4500.9, January 26, 1989, Regarding Transportation and Traffic Management;

3. Defense Traffic Management Regulation DOD 4600.70,, Vols. I and II,

September 30, 1987;

    4. Personal Property Traffic Management Rgulation, DOD 4500.34-R, October 1991;

    5. DOD Base Reutilization Manual, August 15, 1995;

    6. NAVSUP INSTRUCTION 4630.22B, August 2, 1978, Use of Air Trasnport by Navy Shippers; and

    7. COMPACFLT INSTRUCTION 4600.3K Opportune Lift (OPLFT) Program, August 3, 1992.

    Additional responsive items may exist in the materials previously produced by the United States in response to FOIA requests and/or during discovery in this case.  One further item, NAVSUP Publication 1, Volume V, Transportaion of Property, has been identified as possibly being responsive, but a copy has not yet been obtained.  Otherwise, investigation and discovery continue.