IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SAMSON TUG AND BARGE CO., INC., an Alaska Corporation<br><br>    Plaintiff/Appellant<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant/Appellee. | Case Number:  A03-006 CV<br>                            Admiralty JWS |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EXHIBITS**

Plaintiff, Samson Tug & Barge Company, Inc. ("Samson"), by counsel, hereby submits this Memorandum In Opposition To Defendant's Objections To Plaintiff's Exhibits, pursuant to this Court's April 17, 2008 Order for Pretrial Proceedings and Final Pre-Trial Conference.

A.    General.

The Government noted objections to most of Plaintiff's exhibits, other than the ones that overlapped with exhibits the Government itself had offered. Contrary to the Court's instruction that "appropriate authorities will be cited", the Government offered no authorities and, indeed, ignored authorities, discussed hereinafter, that clearly conflict with the Government's objections.

B.    Authentication.

The Government objected on undifferentiated "not authenticated" grounds to documents proposed by Plaintiff as exhibits that had either been produced by the Government in discovery (so indicated because they bore a Bates Stamp marking of US _____) or in response to FOIA requests.

The law in the Ninth Circuit regarding this is clear. Documents produced by a party opponent are self-authenticating as to the party to whom they are produced. Barefield v. Board

- 2 -

of Trustees of CA State University, Bakersfield, 500 F. Supp. 2d 1244 (E. D. Cal. 2007); Homestore.Com, Inc. Securities Litigation, 347 F. Supp.2d 769 (C.D. Calif. 2004); Anand v. BP West Coast Products LLC, 484 F. Supp. 2d 1086 (C.D. Calif. 2007); Maljack Productions, Inc. v. Goodtime Home Video Corp., 81 F.3d 881 (9th Cir.1996).

In Section E, below, where Plaintiff responds by number to each exhibit objected to by the Government, the foregoing principle will be referenced by the phrase "Government Production."

### C. Hearsay.

In addition to its authentication objection, the Government objected on undifferentiated "hearsay" grounds to most of the documents submitted by Plaintiff as exhibits which were Government records produced either in response to discovery or FOIA requests. These objections are unfounded for two reasons.

Under Rule 801 (d)(2), Fed. R. Evid., admissions by a party opponent are deemed not to be hearsay. Documents produced by a party constitute such admissions. Anand v. BP West Coast Products LLC, supra; Architectural Iron Workers Local No. 63 Welfare Fund v. United Contractors, Inc., 46 F. Supp. 2d 769 (N.D. Ill. 1999); FTC v. Hughes, 710 F. Supp. 1520 (N.D. Tex. 1989).

In Section E, below, the foregoing principle will be referenced by the phrase "Admission-Party Opponent."

Moreover, the documents produced by the Government would be admissible in any event under Rule 803(6) (records of regularly conducted activity), 803(8) (public records or reports) or Rule 807 (residual exception), Fed. R. Evid.

In Section E, below, the foregoing principles will be referenced by the phrases "business records," "public records" or "residual," respectively.

D.  The Government objected to numerous exhibits on grounds of "relevance" without making any argument as to why the exhibit objected to was not relevant. For this reason, and because it is very difficult to make relevancy determinations without a context, the Court should not exclude exhibits at this point based on such a relevancy objection. Moreover, this is a bench trial where there need be no fear that the Court will be confused or inappropriately influenced by irrelevant evidence. The Court has available the ultimate remedy regarding relevance, i.e. not to be persuaded.

E.  <u>Response to Government's Objections to Numbered Exhibits</u>.

5-8. Government Production; Admission-Party Opponent; Business Records; Public Records; Residual.

12. Compilation document derived from documents produced; will be authenticated at trial

13-21. Government Production; Admission-Party Opponent; Business Records; Public Records; Residual.

24-25. Admission-Party Opponent; Business Records; Public Records; Residual.

27. The exhibit consists of correspondence relating to FOIA requests. The correspondence from the Government is self-authenticating for the reasons previously stated. Such correspondence is also not hearsay because it constitutes admissions by a party opponent and business/public records. The correspondence to the Government will be authenticated and is not hearsay because it is not offered to show the truth of the matter asserted therein. All the documents have been in the possession of the Government for a number of years.

30. Will be authenticated at trial. Not hearsay.

31. Compilation document derived from documents produced; will be authenticated at trial.

32-33. These exhibits are the two reports prepared by Plaintiff's expert, George Johnson. The Government's hearsay objection is perplexing since earlier drafts of the same report were submitted as exhibits by the Government, as was the report of the Government's expert, Dr. Ernest Nadel.

34. Will be authenticated at trial. Admissible notwithstanding hearsay rule under 803(6) and (17).

35-44. Government Production; Admission-Party Opponent; Business Records; Public Records; Residual.

45-49. The Government takes the position that the deposition excerpts offered by Plaintiff as exhibits "should not be admitted in lieu of live testimony to the extent that the named witnesses are available to testify live at trial." This statement ignores Rule 32 (a)(3) which allows a party to use the deposition of another party or any person who was an officer, director, managing agent or Rule 30(b)(6) designee of the other party at the time they were deposed. This applies to Anderson, Peterson and Dawson so Plaintiff's use of their depositions is not dependent on their availability at trial. Moreover, the Government designated Clark's deposition as "de bene esse" and should, therefore, be estopped from precluding Plaintiff from using it for any purpose.

50-51. Compilation documents derived from documents produced; will be authenticated at trial.

F.  <u>The Government's Rehash of Its Daubert In Limine Motion.</u>

This Court's Order provided no context for Section C (entitled "Plaintiff's Expert Testimony") of the Government's Objections to Plaintiff's exhibits and deposition excerpts. In fact, that section of the Government's pleading has no bearing on either stated subject matter --- exhibits or deposition excerpts. Rather the Government has sought to create an opportunity to rehash an issue that was fully briefed by both sides in connection with the Government's <u>Daubert</u> motion.

Plaintiff will largely resist the temptation to join in this rehash, except to point out that the core principle of the Government's argument ("under Rule 702, the subject of an expert's testimony must be **<u>scientific</u>** knowledge" (bold in original)) is simply wrong. There is no

- 5 -

"science" involved in this case from either side's expert, nor need there be. Under the plain language of Rule 702 what is required is "scientific, technical or other specialized knowledge [that] will assist the trier of fact. . . ."

Plaintiff's expert is a financial analyst and certified public accountant, undeniably qualified to calculate damages based on principles of accounting, which is what he is being presented to do.

Respectfully submitted,

Dated: July 25, 2008

/s/ Richard D. Gluck
Richard D. Gluck
Harold G. Bailey, Jr.
Garvey Schubert Barer
1000 Potomac Street, NW, 5th Floor
Washington, DC  20007
Counsel for Samson Tug and Barge Co., Inc.

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2008, a copy of Plaintiff's Memorandum In Opposition To Defendant's Objections to Plaintiff's Exhibits was served electronically and by first class mail, postage prepaid to the following:

>Jeanne M. Franken, Esq.
>Trial Attorney
>Torts Branch, Civil Division
>U.S. Department of Justice
>7-5393 Federal Building
>P.O. Box 36028
>San Francisco, CA  94102-3463
>
>United States Attorney
>Federal Building and U.S. Courthouse
>222 West Seventh Avenue, #9, Room 253
>Anchorage, Alaska  99513-7567
>
>/s/ Richard D. Gluck
>Richard D. Gluck