UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| SAMSON TUG AND BARGE CO., INC., | ) ) | |
| Plaintiff/Appellant, | ) ) | 3:03-cv-00006 JWS |
| vs. | ) ) | ORDER AND OPINION |
| UNITED STATES OF AMERICA, | ) ) | [Re: Motion at Docket 75] |
| Defendant/Appellee. | ) ) ) | |

## I. MOTION PRESENTED

At docket 75, plaintiff Samson Tug and Barge Co. ("Samson") filed a motion *in limine*, requesting that the defendant United States of America ("United States") be precluded from offering evidence in two areas based on its "conduct in discovery" and its alleged failure to preserve certain records. The motion was been fully briefed,[1] and the court authorized the United States to file a sur-reply.[2] Oral argument was not requested and would not assist the court.

---

[1] The response is at doc. 76 and the reply at doc. 78.

[2] Doc. 91.

## II.  BACKGROUND

Samson filed this appeal from the contracting officer's decision pursuant to the Contract Disputes Act of 1978, 41 U.S.C. §§ 603, *et seq*.  Because the underlying contract is a maritime contract, this court, rather than the Court of Claims, has jurisdiction.[3]  Samson entered a series of contracts to provide marine transportation services to the Department of the Navy relating to the Naval Air Station located at Adak, Alaska.  This litigation involves the last of those contracts, Contract No. N62387-95-D-8053 ("Contract"), which was a "requirements" contract obligating the Department of the Navy to ship all cargo of the specified description between Adak and the Pacific Northwest pursuant to the Contract.  Samson alleges that the United States breached the Contract by shipping a "substantial volume" of cargo that should have been shipped under the Contract by other means.

Samson's motion asserts that the United States should be precluded from calling witnesses to testify in an area as to which discovery, including properly noticed 30(b)(6) depositions, was sought unsuccessfully by Samson, and that the United States should be precluded from "relying on theories and positions which would have been either supported or refuted by documentary records known to have existed at one time in the sole possession of the government, and sought unsuccessfully by Plaintiff."[4]

## III.  DISCUSSION

### A.  Preclusion of Witnesses

Sampson asks the court to preclude defendant United States from calling any witness "purporting to have first-hand knowledge of the facts and circumstances surrounding the decisions regarding which mode of transporting cargo during the period October 1, 1995 through September 30, 1997 [would be used]."[5]  Samson asserts that it sought to depose the officials responsible for making decisions regarding the mode of

---

[3] *Southwest Marine of San Francisco, Inc. v. United States*, 896 F.2d 532, 535 (Fed. Cir. 1990).

[4] Doc. 75 at 1.

[5] Doc. 75-5 (proposed order).

transportation of cargo through Rule 30(b)(6) depositions, but that the United States failed to produce any witnesses having first-hand knowledge of the facts and circumstances surrounding such decisions.

According to United States, it produced "a number of witnesses in various locations around the country, until such time as Samson's attorneys expressed a desire to stop taking further 30(b)(6) depositions."[6] Samson concedes that it discontinued taking Rule 30(b)(6) depositions of witnesses proffered by the United States. Sampson says it did so because the United States did not produce a witness as requested that "had any responsibility for or any knowledge of the criteria applied in the particular decisions to ship by air."[7] Samson did not file a motion to compel a proper witness designation under Rule 30(b)(6).

Under the circumstances presented, the court concludes that the appropriate resolution of this aspect of Samson's motion is to hold that the United States may not call any person to testify as to the facts and circumstances involved in decisions relating to the selection of the transportation mode to be used for moving cargo to and from Adak during the period covered by the Contract except persons whose depositions have been taken (whether 30(b)(6) or otherwise), and not to exceed four additional witnesses whose depositions have not already been taken, on condition that each such additional witness shall (1) be a person named on the United States' already filed final witness list, and (2) be made available for deposition on or before September 19, 2008. If the parties cannot agree on other times and locations, then each deposition shall be taken in the offices of the United States Attorney in Anchorage beginning with the first witness at 9:00 AM on September 11, the second at 9:00 AM on September 12, the third at 9:00 AM on September 15, and the fourth at 9:00 AM on September 16

**B. Preclusion of Theory of Defense to Liability**

In the second portion of its motion, Samson argues that because the United States failed to produce full and complete records of cargo carried by air, the court

---

[6]Doc.78 at 7.

[7]Doc. 84 at 2.

should preclude the United States from "presenting any theory of defense as to liability or damages that would be either supported by, or possibly refuted by, the missing documents concerning cargo shipped by air."[8] Samson seeks a sanction so broad that if imposed it might render it impossible, and certainly would render it difficult, for the United States to defend against Samson's claims.

Samson asserts that the missing documents are those which would show the following:

1. All air flights to and from Adak during the Contract period
2. Description of cargo shipped by the government on these flights
3. Volume of cargo shipped by government on these flights.[9]

Samson asserts that complete versions of such records must have existed at one time, because it claims that defense witnesses have testified that all cargo carrying flights were accompanied by cargo manifests. Certain document summaries have been disclosed by the United States, and Samson argues these disclosures indicate that there are underlying records (manifests or otherwise) which have not been produced. In response, the United States asserts that because such records have not been located, they either did not exist, were not retained, were never possessed by federal officers, or were destroyed in the course of ordinary business by agencies unaware of the FOIA requests.

"Generally, a trier of fact may draw an adverse inference from the destruction of evidence relevant to a case."[10] However, a party "should only be penalized for destroying documents if it was wrong to do so, and that requires, at a minimum, some notice that the documents are potentially relevant."[11] Samson argues that the United States was put on notice of the need to preserve records for future litigation when various federal offices received Samson's 1997 Freedom of Information Act ("FOIA")

---

[8] Doc. 75 at 8.

[9] *Id.* at 4.

[10] *Akiona v. United States*, 938 F.2d 158, 161 (9th Cir.1991)

[11] *Id.*

requests.[12]  The decisions in *Glover v. BIC Corp.*[13] and *Akiona v. United States*[14] establish that in this circuit a court may order sanctions against a party, even absent bad faith, for failure to preserve evidence if the party has notice of potential litigation.

There is no assertion that the United States acted in bad faith, and the court declines to impose sanctions on other grounds.  First, it has not been established that all of the documents Samson says should have been retained ever existed.  Second, it has not been established that requests were sent to agencies which actually had whatever records did exist.  Third, it has not been established that the documents sought were in the possession of any government agency at the time the requests were made.  Fourth, the requests did not indicate the documents sought related to potential litigation.  Finally, even were the court to overlook the concerns just recited, it would be extremely harsh to impose such a puissant sanction based on the record presented.

### IV.  CONCLUSION

The motion at docket 75 is **GRANTED in part and DENIED in part**, as discussed above.

DATED at this 6th day of August 2008.

/s/JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[12] Doc. 75, Ex. 2.

[13] 6 F.3d 1318, 1329 (9th Cir. 1993).

[14] 938 F.2d 158, 161 (9th Cir. 1991).