UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SAMSON TUG & BARGE, CO., INC.,      )<br>                                                              )<br>               Plaintiff/Appellant,            )<br>                                                              )<br>vs.                                                         )<br>                                                              )<br>UNITED STATES OF AMERICA,         )<br>                                                              )<br>               Defendant/Appellee.           )<br>                                                              ) | 3:03-cv- 00006 (JWS)<br><br>ORDER FROM CHAMBERS<br><br>[Re:   Objections to Exhibits] |

## I.  MATTERS ADDRESSED

### A.  The Parties' Papers

   Plaintiff Samson failed to file an exhibit list, but did provide the court with copies of its exhibits. Defendant United States' objections to plaintiff's exhibits are found at docket 100.  Plaintiff's arguments in support of its exhibits are at docket 102. Defendant's' exhibit list is at docket 96, and  copies of the exhibits have been provided to the court.  Plaintiff's objections to defendant's exhibits are at docket 99.  Defendant's arguments in support its exhibits are at docket 101.

### B.  Foundation/Authentication Objections; Requirement to Confer; Warning

   This order sets out the court's rulings on the parties' substantive objections.  This order does not address objections asserting that authentication is inadequate based on Rule 901, or that the original is required but not offered based on Rule 1002.  The court assumes that no party will offer an exhibit without first attempting to lay an adequate

foundation for its admission. When an exhibit is offered, any objection based upon lack of authentication or other problem with the foundation for the exhibit must be renewed.

The court also assumes that no party will insist upon consuming judicial and litigant resources by persisting in a foundation objection where it is clear that if a particular witness were called, the foundation would be established. Counsel shall confer and stipulate to the adequacy of authentication wherever possible. At the conclusion of trial, the court will entertain a motion to impose costs on any party who needlessly requires another party to call a witness to lay a foundation which could reasonably have been the subject of a stipulation. Such costs may include, but are not necessarily limited to, the cost of witnesses' travel, the cost of service of subpoenas, witness' fees, and attorneys' fees associated with securing and presenting the testimony.

## II. RULINGS ON ADMISSION OF EXHIBITS

### A. Plaintiff's Exhibits

The United States has objected to exhibits 5 thru 8, 12 thru 21, 27, 30, and 34 thru 39 on the grounds that they are not authenticated, constitute hearsay, and are irrelevant. Exhibits 24 and 25 are subject to hearsay and relevancy objections. Exhibits 32 and 33 are subject to hearsay objections. Exhibits 40 thru 44 and 51 are subject to authentication and hearsay objections. As to the authentication objections, see the discussion above. As to the hearsay objections, the court finds too little assistance in the parties' papers to rule at this time. Plaintiff's assertion that documents may be admitted over a hearsay objection because they are admissions simply because they were produced in discovery is ridiculous. A party must produce anything requested if it may lead to admissible evidence, but that does not mean that any particular document is an admission by the party producing it. The relevancy objections are inadequately discussed. These matters will be addressed when the exhibits are offered at trial.

It is unclear whether defendant objects to deposition testimony excerpts marked as exhibits 45 thru 49, but plaintiff failed to mark the entire deposition transcripts as exhibits. **Plaintiff shall mark the entire deposition transcripts and provide copies**

**to the court not later than September 5, 2008**. It is inconvenient to have bits and pieces of depositions bundled separately as designations and counter-designations; it is easier to work with an entire transcript. Plaintiff is reminded that deposition testimony will only be admitted where it may be received pursuant to Fed. R. Civ. P. 32(a)(4).

The United States expresses vague objections to the testimony of George Johnson. Specific objections to Johnson's testimony must be made at trial at which time the court will rule. *See also* the court's discussion of Johnson's testimony in the order at docket 103, particularly pages 6 thru 8.

The court is unable to determine the merits of the objection to exhibit 12, 27, and 51 based on the alleged failure to produce the documents in discovery on the basis of the present record. If exhibits 31 and 50 are offered, the court will entertain objections at trial.

**B. Defendant's Exhibits**

| Exhibit: | Ruling: |
|---|---|
| I | OVERRULED. |
| EEEE | OVERRULED. |
| GGGG | OVERRULED except as to hearsay objection which is not sufficiently fleshed out to permit the court to rule in advance of trial. Ruling reserved on hearsay objection. |
| All Deposition Excerpts | OVERRULED ON CONDITION that defendant shows admissibility under Fed. R. Civ. P. 32(a)(4). |

**DATED** at Anchorage, Alaska, this 18th day of August, 2008.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE